UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BARRY RUSSELL, as Chairman of the Board of              17-CV-00085 (RJS) (KHP)
Trustees of Pension Fund Local 445 and Teamsters
Local 445 Welfare Fund,
                                                        **FIRST AMENDED**
                          Plaintiffs,                   **COMPLAINT**

              -against-

MOORE TRUCKING, LLC,

                          Defendant.
------------------------------------------------------------------X

Plaintiff, by his attorneys, Lewis, Clifton & Nikolaidis, P.C., complaining of the defendant, alleges as follows:

### NATURE OF ACTION

1. Plaintiff, as the Chairman of the Board of Trustees of two employee benefit plans, brings this action to enforce the provisions of the plans and to collect contributions due and owing to the plans from the defendant, Moore Trucking, LLC ("Moore"). This action is brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145, and the court's supplemental jurisdiction over state law claims.

### JURISDICTION AND VENUE

2. The court has subject matter jurisdiction over this action pursuant to ERISA, Sections 502(a), (e)(1) and (f), 29 U.S.C. §§ 1132(a), (e)(1) and (f). Venue in the Southern District of New York is proper under ERISA, Section 502(e)(2), 29 U.S.C. § 1132(e)(2), because the plaintiff employee benefit plans are located in the County of Orange, within the Southern District of New York.

## PARTIES

3. The plaintiff, Barry Russell, is Chairman of the Board of Trustees of Pension Fund Local 445 ("Pension Fund") and Teamsters Local 445 Welfare Fund ("Welfare Fund") (collectively, the "Funds" or "plans"), both of which are "employee benefit plans" within the meaning of ERISA, Section 3(3), 29 U.S.C. § 1002(3). Each of the Funds maintains its principal place of business at 15 Stone Castle Road, Rock Tavern, New York 12575.

4. Each of the Funds is a "multi-employer plan" within the meaning of ERISA, Section 3(37), 29 U.S.C. § 1002(37).

5. As a Trustee, Russell is a "fiduciary" of the plans within the meaning of ERISA, Section 3(21), 29 U.S.C. § 1002(21), and is authorized to bring this action under ERISA, Section 502(a)(3), 29 U.S.C. § 1132(a)(3).

6. Upon information and belief, Moore is a corporation incorporated in the State of New York, and has its principal place of business at 442 Cooley Road, Parksville, New York 12768. Defendant is an "employer" within the meaning of ERISA, Section 3(5), 29 U.S.C. § 1002(5).

## AS AND FOR A FIRST CAUSE OF ACTION

7. At all times relevant hereto, Moore has been a party to, and bound by, a collective bargaining agreement ("CBA") with Local 445, International Brotherhood of Teamsters ("Local 445" or "the Union").

8. The CBA provides, inter alia, that Moore agrees to be bound by the trust agreements establishing each of the Funds ("the Trust Agreements").

9. Pursuant to the terms of both the CBA and the Trust Agreements, defendant is obligated to make contributions to the Funds on behalf of its employees who are

within the bargaining unit represented by Local 445.  The specific amounts of the contributions required to be made to each of the Funds are set forth in the CBA.

10. Despite the passage of the dates on which Moore was required to make contributions, and despite requests made by representatives of the Union and the Funds, defendant has failed and refused to remit the full amount of contributions due to the Funds under the terms of the CBA.

11. Fund records reflect that Moore owes contributions to the Funds for the period of February 1, 2016 through March 31, 2016, as follows:

    (a) To the Pension Fund in the amount of $3,992.45;

    (b) To the Welfare Fund in the amount of $3,053.05.

12. Fund records reflect that Moore was assessed late charges for the period of February 1, 2016 through March 31, 2016 for its failure to pay contributions to the Funds for the work performed during the preceding months.

13. Fund records reflect that Moore was assessed late charges for the aforementioned period in the following amounts:

    (a) To the Pension Fund in the amount of $399.25;

    (b) To the Welfare Fund in the amount of $305.31.

14. The Funds have sent demands to Moore for payment of the delinquent contributions and late charges, but Moore has failed to make any payments in response to said demands.

15. Moore's failure to pay the required contributions and late charges to the Funds constitutes a breach of both the CBA and the Trust Agreements, and a violation of ERISA, Section 515, 29 U.S.C. § 1145.

## AS AND FOR A SECOND CAUSE OF ACTION

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 above as if fully set forth herein.

17. On or about September 29, 2016, Moore entered into an agreement with the Funds in which defendant agreed to pay a total of $7,750.06 to the Funds to settle the aforesaid delinquency ("the Settlement Agreement"). Pursuant to the Settlement Agreement, Kingston was required to make 12 monthly payments to the Funds commencing October 1, 2016.

18. To date, Moore has made no payments to the Funds, leaving a balance of $7,750.06 owed to the Funds under the Settlement Agreement.

19. In a letter dated November 16, 2016, the Funds, through their counsel, made a demand on Moore for payment of the amounts due under the Settlement Agreement. Moore failed to make any payment in response to said demand.

20. Defendant's failure to make the required payments to the Funds pursuant to the Settlement Agreement constitutes a breach of contract.

WHEREFORE, plaintiff demands judgment against the defendant, granting plaintiff:

a) The sum of $7,045.50 for contributions due and owing to the Funds for the period of February 1, 2016 through March 31, 2016;

b) The sum of $704.56 for late charges due and owing to the Funds for the period of February 1, 2016 through March 31, 2016;

c) Liquidated damages equal to 20% of defendant's unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(c)(ii), the terms of the plans, and the Settlement Agreement;

d) Attorney's fees and costs, pursuant to 29 U.S.C. § 1132(g)(2)(D) and the terms of

the plans; and

    e)    Such other and further relief as the court may deem just and proper.

Dated:   January 9, 2017
            New York, New York

                                        LEWIS, CLIFTON & NIKOLAIDIS, P.C.

                         By:    /s/ Daniel E. Clifton
                                        Daniel E. Clifton
                                        350 W. 31st St., Suite 401
                                        New York, New York 10001
                                        (212) 419-1500
                                        (212) 419-1510 (fax)
                                        dclifton@lcnlaw.com

                                        *Attorneys for plaintiff Barry Russell, as Chairman*
                                        *of the Board of Trustees of Pension Fund Local 445*
                                        *and Teamsters Local 445 Welfare Fund*